EL ANCORA, Plaintiff and Appellant, *v.* ADRIÁN BRENES, Defendant and Appellee.

No. 4775.   Argued February 5, 1929.—Decided June 24, 1929.

*Gustavo Rodríguez* for the appellant.   *A. Porrata Doria* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

El Ancora, a life and accident insurance company incorporated in accordance with the laws of Porto Rico, brought in the District Court of Guayama a mandamus proceeding against Adrián Brenes, who had been its agent in that district.

The writ was issued in alternative form.   Brenes answered by denying the essential facts of the complaint and alleging

that the complaint did not adduce facts sufficient to determine a cause of action and that the action did not lie.

It was agreed by the parties to submit first by means of briefs to the decision of the court the questions involved of a demurrable nature, and in ruling on them the court rendered final judgment dismissing the complaint and imposing the costs on the plaintiff.

El Ancora appealed to this court, assigning in its brief the commission of seven errors. The first six can be considered together, for the real question at issue is whether from the facts alleged the writ of mandamus lies or whether an ordinary action is the proper remedy.

It is alleged in the complaint that the defendant was the agent of the plaintiff from April 19, 1923, until September 30, 1928, when he ceased to be such; that his powers and duties as agent were to solicit subscribers for the plaintiff, to collect the bills issued to them by the plaintiff whenever an accident occurred, to remit to the plaintiff within forty-five days after the receipt by him of such bills the amount collected and return the uncollected bills so that the plaintiff could liquidate the claim for the accident; that the defendant received as remuneration for his services ten per centum on the collection in each accident and a proportionate commission for each new subscriber secured by him; that from 1923 to 1928 the plaintiff delivered to the defendant for collection bills amounting to $25,155, of which the defendant in turn delivered to the plaintiff $13,263.52 and returned as uncollectible bills to the amount of $3,665; that on the amount collected the defendant was paid as his ten per centum the sum of $1,549.81 in addition to $685.60 for office expenses; that when the defendant ceased to be the agent of the plaintiff he had and still has in his possession certain specified bills amounting to $84.50; that he also had and still has in his possession without having delivered it to the plaintiff the sum of $5,906.47 from bills delivered to him by the plaintiff and collected by him; that the plaintiff has always been willing and is willing at

any time to pay to defendant Adrián Brenes any amount of money which after proper verification may be due to him by reason of the collections made and in consequence of the performance of his duties as agent of the plaintiff, and that nevertheless he persists in withholding the money and receipts of the plaintiff.

It is alleged also that the conduct of the defendant is contrary to the duties imposed on him by the by-laws of the plaintiff corporation and therefore the court is prayed to issue ''an alternative writ of mandamus directed to defendant Adrián Brenes, resident of Guayama, P. R., ordering him to deliver to the plaintiff, without excuse or pretext and within a reasonable time to be fixed by the court, the seventy-six receipts issued by plaintiff El Ancora as specified in the sixth averment, and the sum of *five thousand nine hundred and six dollars forty-seven cents* mentioned in the seventh averment, warning him that it will be contempt of court to disobey that order, or that, if not, he appear before this court on the day and at the hour designated by the court for that purpose to show cause why the writ should not be issued in final form, with a similar warning of the final writ.''

As we have said already, the court issued the writ and after hearing both parties quashed it and dismissed the complaint especially because there being another adequate remedy in the ordinary course of law, the extraordinary remedy of mandamus did not lie, and because the defendant had ceased to be agent and could not be compelled to act.

The appellant has made such careful study in its brief and reveals such good faith and conviction of being in the right that we would like to have at our disposal the time necessary for an examination of each one of the assignments of error. That would carry us into an exposition of the origin and development of the writ of mandamus in the light of history, of the different laws on the matter and of the copious jurisprudence established by the courts in applying the laws to the widely different situations arising in practice. The

number of cases pending before the court will not allow us that satisfaction.

The law in Porto Rico is so clear that by its very terms it sustains the judgment appealed from. It was enacted in 1903, Compilation of 1911, section 1328 *et seq.*, and its first three sections read as follows:

"Section 1. Mandamus is a high prerogative writ issuing out of the supreme court or district courts of Porto Rico, in the name of The People of Porto Rico, directed to any natural person, persons, company or corporation or inferior court of judicature within its jurisdiction requiring them to do some particular act therein specified and which appertains to their office or duty. It confers no new authority and the party to be coerced must have the power to perform the act.

"Sec. 2. The writ of mandamus may be issued by the Supreme Court or the district courts, or any justice or judge thereof, during the term or at chambers, to any inferior tribunal, corporation, board or person to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station, but though it may require an inferior tribunal, or any judge thereof, to exercise this judgment, or proceed to the discharge of any of its functions, it can not control judicial discretion.

"Sec. 3. This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. It may be issued on the information of the party beneficially interested."

It is thus seen that the writ, considered by the law itself as "a high prerogative writ" which the legislators declare expressly "may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law," lies only to compel "the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station." And that is not the case here.

No doubt there are laws broader than that of Porto Rico and it is certain that the jurisprudence, guided by the desire to secure a more speedy and efficient administration of justice, has extended on some occasions the scope of the writ; but neither the laws nor the jurisprudence cited to us or which

we have been able to examine go so far as to include cases such as the case herein.

If against an agent, who had with his principal the relations stated in the complaint and upon ceasing in his employment and difficulties arising in the settlement of his accounts, a writ of mandamus could be issued to compel him to return receipts amounting to $84.50 alleged to have been sent to him and $5,906.47 in cash said to have been collected by him on other bills sent also to him, with the further statement that the plaintiff is willing to pay to the agent any sum of money that may be due to him after proper verification of the collections made, then any corporation might substitute for the ordinary proceeding the extraordinary one of mandamus to exact the performance of obligations contracted with it by its agents and employees and, following that course, any person in any case might avail himself of the "high prerogative writ" of mandamus instead of the ordinary proceeding, inasmuch as what is really claimed in every action is the performance of an obligation.

In *Belaval* v. *Todd*, 24 P.R.R. 765, this court said:

"The only things that are subject to mandamus are duties *publici juris* and never obligations to pay a specific sum awarded by the judgment."

In the seventh and last assignment the question of costs is raised. Perhaps the court should not have imposed them because everything in the present case, as we have said, shows good faith on the part of the plaintiff; but we are not in a position to say that it abused its judicial discretion in imposing them. In view of the clearness of the statute on mandamus in force in Porto Rico, notwithstanding the apparent good faith of the plaintiff, it can not be held, against the judgment of the trial court, that there was no temerity on his part.

The judgment appealed from must be affirmed.